Chief Justice Kobertson,
delivered the opinion of the court.
This is a suit in chancery, instituted by Jacob Kreigbaum against the executors of Jacob Need for damages for an alleged failure by Need, in his lifetime, to convey to Kreigbaum a lot in the town of Port-William, which, as charged, he covenanted to convey for the consideration of $ 10. The bill charges the payment ©f the consideration and the loss of the covenant to convey.
The answer of the executors denies the material allegations of the bill.
Only two depositions were taken. One witness (Ball) swore that, three or four years before the time when his deposition was taken, he saw Kreigbaum hand to Major, the other witness, a paper, purporting fo be a bond on Need, for a lot in Port-William, with a request that he would deliver it to Rice, the son-in-law of Kreigbaum; that he had seen Need write, and thought that the signature of his name to the covenant was in his handwriting: that, at the same time, he saw, *310 in lyreigbaum’s possession, a note, purporting to have been executed by him to Need, for §44 75 cents, in poplar and ash plank on demand, and dated in May, 18X6; and that he thought that the covenant for a title corresponded in date with that for the plank. But on cross examination, he swore that he knew nothing about the date of the covenant for the plank, but thought that, when he saw the two covenants, they corresponded in date. He also swore that the covenant for the plank was not delivered to Major with the bond for the lot.
Where vendee, who has paid for land in plank, brings suit for damages, for a failure to convey, he is entitled to interest only from the time the plank was ■delivered.
Major swore that Kreigbaum had, about four years before, handed him too papers to be delivered to Rice, and that Kreigbaum said “they were about some lots in Port-William.”
The circuit court decreed that the executors should pay to Kreigbaum §55, with interest for four years. And they prosecute this writ of error with a supersedeas.
If it had been proper to render any decree for the defendant in error, the record does not exhibit any data for sustaining that which we are revising. Forty four dollars and seventy-five cents, with interest from the time when the plank was delivered would have been as much as the defendant could have been entitled to; and as there was no proof as to the time when the note was discharged, interest should not be allowed beyond the time when it was seen in the possession of the defendant.
But we are of opinion that the record does not justify any decree in favor of the defendant in error. The bill is vague and general. It alleges that the consideration was forty dollars, and exhibits, as evidence of that consideration, a note for §44 75 cents in plank. The deposition of Ball is unsatisfactory. The note for the plank seems to have been attested by two subscribing witnesses; if it were genuine and the consideration for the covenant for a title, and had been executed at the same time, the presumption is, that the covenant for the lot was also attested. But no reason appears for failing to take the depositions of any subscribing witness, either to the note or the bond for thp lot.
Brown and Clash, for plaintiffs; Ozeslei/, for clefei» dant.
Major swore that two papers were delivered to him, which the defendant represented to be “about some lots in Port-William.” There is an obvious and important discrepancy in the two depositions. And there is np sufficient proof of the payment of the consideration.
There is no proof that the note for the plank was ever delivered to Need or was ever in his possession. And there is certainly no satisfactory evidence that the note was the consideration for the alleged covenant for the lot. Moreover, the lapse of time and other circumstances materially affect the claim of the defendant.
Wherefore, the decree is reversed, and the cause remanded, with instructions to dismiss the bill.